NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3239
_____

UNITED STATES OF AMERICA

v.

DANIEL GEORGE BROWN,
a/k/a Choley McKenzie
a/k/a Choley Brown
a/k/a Daniel Brown

Daniel George Brown,
                    Appellant
_____

On Appeal from United States District Court
for the Eastern District of Pennsylvania
(E.D. PA No. 2-16-cr-00234-001)
District Judge: Honorable Gerald A. McHugh
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 2, 2018

Before:  SHWARTZ, ROTH and FISHER, *Circuit Judges*

(Filed: December 3, 2018)
_____

OPINION*
_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

FISHER, *Circuit Judge*.

Daniel George Brown appeals the District Court's order denying his motion to dismiss his indictment under 8 U.S.C. § 1326(d) and claims that the District Court violated certain of his rights during its proceedings. We will affirm the District Court.

I.

Brown, a native of Jamaica, entered the United States in 1992 as a non-immigrant visitor with permission to stay for six months; however, Brown unlawfully remained in the United States for years. Between 1992 and 2016, Brown was convicted of numerous crimes and removed from the United States on two separate occasions. As detailed below, Brown illegally re-entered the United States shortly after each removal.

In 1995, Brown was convicted in Pennsylvania state court for possession of a controlled substance with intent to deliver 62.5 grams of marijuana and sentenced to one year probation. Over the next couple of years, Brown was arrested and convicted multiple times for drug-related offenses and fraudulent schemes.

Following these convictions, INS commenced a removal proceeding, during which Brown proceeded *pro se* and confirmed that he understood the risk of removal and his right to be represented by counsel. After finding him removable, the Immigration Judge ("IJ") entered an order of removal (the "1997 Order") and advised Brown of his right to appeal. Brown had the choice to either reserve his right to file an appeal or to accept the

2

judge's opinion as a final order; Brown "accept[ed] the decision"[1] and was removed to Jamaica.

Brown unlawfully re-entered the United States and was arrested for bank fraud and illegal re-entry. He pled guilty to both crimes and received a fifty-one-month sentence, after which his removal order was administratively reinstated and he was again removed. Brown re-entered the United States and, in 2016, was again charged with illegal re-entry after removal.

Brown received a public defender, but chose to file a *pro se* motion to dismiss the indictment,[2] which the District Court denied. He then accepted a conditional plea and waived his appellate rights, with limited exceptions. One such exception permitted Brown to appeal the District Court's order denying his motion to dismiss the indictment, as he does here.

II.

We have jurisdiction over this matter under 28 U.S.C. § 1291 and jurisdiction under 18 U.S.C. § 3742 to review the sentence imposed on Brown. The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231.

---

[1] Suppl. App. at 108.

[2] Brown made five claims: (i) the IJ did not advise him of his right to counsel; (ii) notice of the hearing did not include its time or location; (iii) the IJ did not permit Brown to present favorable testimony; (iv) INS failed to prove the grounds for removal; and (v) the IJ erroneously found that Brown had prior convictions for aggravated felonies.

3

We review the District Court's decisions of law de novo, but review its determinations of fact for clear error.[3]  Further, we exercise plenary review in determining the enforceability of an appellate waiver.[4]

III.

A.

The District Court did not err in confirming the validity of the 1997 Order.  A defendant charged with illegal re-entry may collaterally challenge the underlying proceeding and order effectuating his removal if he "demonstrates that (1) [he] exhausted all available administrative remedies; (2) the deportation proceedings . . . deprived [him] of the opportunity for judicial review; and (3) the entry of the deportation order was fundamentally unfair."[5]  To mount a successful collateral attack, the defendant must satisfy all three prongs.[6]  Here, however, Brown did not satisfy any of them.

1.

By choosing to not appeal the 1997 Order to the Board of Immigration Appeals, Brown failed to exhaust his administrative remedies and forfeited his opportunity to challenge the validity of the removal order.[7]  Though Brown was deported before the opportunity to appeal expired, this did not prevent him from exhausting his

---

[3] *United States v. Charleswell,* 456 F.3d 347, 351 (3d Cir. 2006).
[4] *United States v. Jackson*, 523 F.3d 234, 237 (3d Cir. 2008).
[5] 8 U.S.C. § 1326(d).
[6] *Charleswell,* 456 F.3d at 351.
[7] *United States v. Dixon*, 327 F.3d 257, 260 (3d Cir. 2003).

4

administrative remedies; rather, his waiver, provided after the IJ repeatedly informed Brown of his appellate rights, caused this failure and nullifies his argument.

Because Brown failed to satisfy even the first prong of § 1326(d), we do not need to consider whether Brown was denied judicial review or whether the removal proceeding was fundamentally unfair;[8] but, even absent that fact, he did not support these latter prongs in their own right.

2.

Brown cannot show that he was denied judicial review as required by § 1326(d)(2) because he knowingly waived his right to appeal.[9] He further forwent judicial review of the 1997 Order when he pled guilty to illegal re-entry in 2000, thereby conceding that he was validly removed in 1997. Five years after the order's issuance, Brown did file a habeas petition; however, the court considered and reasonably denied his claim. Accordingly, the record demonstrates that Brown either declined to exercise his rights or received the review he sought at each step.

3.

---

[8] *Charleswell,* 456 F.3d at 351; *United States v. Torres*, 383 F.3d 92, 99 (3d Cir. 2004).
[9] *Id.* at 352-53.

Brown offered three arguments[10] to prove that his removal proceeding was "fundamentally unfair,"[11] each of which fails.

First, the IJ did not fail to inform Brown of his right to counsel, but repeatedly explained this right to him and discussed the availability of pro bono legal assistance. Second, the judge relied only on permissible *Shepard* documents to find that Brown had committed aggravated felonies.[12] Third, INS counsel did not attempt to mislead the IJ or excerpt misleading statements from the hearing's audio recording; to the contrary, the IJ and INS counsel reviewed the immigration statute in search of "any possible way for [Brown] to remain in the United States legally."[13] Hence, the District Court did not err in determining the fundamental fairness of the proceeding.

Brown failed to demonstrate that he exhausted all administrative remedies, was denied judicial review, and received a fundamentally unfair proceeding; therefore, he is not entitled to relief under 8 U.S.C. § 1326(d).

B.

---

[10] Brown attacked the fairness of the removal hearing on three fronts: (i) failure to advise him of his right to legal counsel; (ii) reliance upon police reports; and (iii) and misleading statements made by INS counsel.

[11] *Charleswell,* 456 F.3d at 358, 362 (proving "fundamental unfairness" requires showing that a fundamental error occurred and there is "a reasonable likelihood that the result would have been different" absent the error).

[12] *Shepard v. United States*, 544 U.S. 13, 16, 26 (2005).

[13] Suppl. App. 106-07.

In addition to his claim for relief under 8 U.S.C. § 1326(d), Brown claimed that the District Court denied him his right of self-representation, the venue was improper, and the sentence he received violated the Ex Post Facto Clause. Brown waived his right to present these issues on appeal.[14]

Though this Court has discretion to override an appellate waiver in some instances, we will not do so where the waiver was made knowingly and voluntarily, the issue presented falls within the scope of the waiver, and enforcing the waiver will not result in a miscarriage of justice.[15] Brown's claims do not justify such an exception.[16]

IV.

The District Court did not err in denying Brown's motion to dismiss the indictment, and Brown waived his right to appeal on the additional grounds he presented, which were themselves meritless. We will therefore affirm.

---

[14] Additionally, these arguments are without merit. First, Brown represented himself *pro se* on several motions, and the court gave each filing full consideration. Second, venue was properly exercised in the Eastern District of Pennsylvania where the charges originated. Third, Brown's sentence was calculated using the guidelines he requested at sentencing—the 2016 guidelines—which resulted in an offense level four points lower than the 2015 guidelines he now claims control.

[15] *United States v. Grimes*, 739 F.3d 125, 128-29 (3d Cir. 2014); *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008).

[16] Brown knowingly waived his right to appeal on these issues and no miscarriage of justice will occur by enforcing the waiver. *See infra* note 14; *see also United States v. Khattak*, 273 F.3d 557, 562-63 (3d Cir. 2001) (providing factors to consider in determining whether a miscarriage of justice would occur).